UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 22-60263-CIV-DIMITROULEAS/HUNT

JEAN SAMSON,

    Plaintiff,

v.

YMP REAL ESTATE MANAGEMENT
LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before this Court on Defendant YMP Real Estate Management LLC's Verified Motion for Attorneys' Fees ("YMP's Motion"), ECF No. 33, Defendant Ruiz's Verified Motion for Attorneys' Fees ("Ruiz's Motion"), ECF No. 34, and Defendant YMP's Motion to Tax Costs, ECF No. 28.  The Honorable William P. Dimitrouleas referred the Motions to the undersigned for a Report and Recommendation.  S*ee* ECF No. 35; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record, the Motions, Responses and Replies thereto, and applicable law, the undersigned respectfully RECOMMENDS that both Motions for Attorneys' Fees, ECF Nos. 33, 34, be **GRANTED in part**, and Defendant YMP's Motion to Tax Costs, ECF No. 28, be **GRANTED** as set forth below.

## BACKGROUND

Plaintiff Jean Samson ("Samson") brought the instant action against Defendants YMP Real Estate Management, LLC ("YMP") and Roberto Ruiz ("Ruiz") alleging employment discrimination under 42 U.S.C. §1981 and the Florida Civil Rights Act

("FCRA") regarding his employment separation from YMP on March 30, 2020. Samson filed the instant action despite having settled and executed a General Release and Waiver and a Severance Agreement and Release on August 10, 2020. ECF Nos. 6, 7-2. Samson released and waived all claims against YMP and Ruiz in the agreements. ECF Nos. 6, 7-2. YMP moved to dismiss the complaint, or in the alternative, for summary judgment on the grounds that Samson was barred from bringing this action based on the agreements. ECF No. 6. Ruiz, who is represented separately by counsel, joined the motion and also moved separately to dismiss the action. ECF No. 8. The District Court granted YMP's motion for summary judgment and entered final judgment in favor of YMP and Ruiz against Samson. ECF Nos. 22, 23. Both YMP and Ruiz now move this Court for an award of attorneys' fees pursuant to the agreement signed by the Parties. ECF Nos. 33, 34.

## **PARTIES' ARGUMENTS**

YMP and Ruiz move this Court for an award of attorneys' fees pursuant to a provision in the Parties' Severance Agreement and Release. YMP seeks $14,311 in attorneys' fees; Ruiz seeks $10,393. Both Defendants contend that they are entitled to attorneys' fees and that the fees sought are reasonable. Ruiz contends that, pursuant to an agreement with YMP, counsel for Ruiz charged a reduced hourly rate.

Samson responds that the amount of attorneys' fees sought by YMP and Ruiz are not reasonable. Specifically, as to YMP, Samson contends that the time expended by YMP on certain tasks is not reasonable. Further, Samson argues that any entry included by YMP that uses block billing should be deducted. Samson also argues that the hourly rate for YMP's paralegal should be reduced from $100 to $75. Samson objects to certain

tasks performed by YMP and asserts that these tasks should not be charged at an hourly rate of an attorney, but rather should be charged at the paralegal rate because the tasks are clerical in nature. In total, Samson contends that YMP's award should be reduced from $14,311 to $5,963.

In regard to the fees sought by Ruiz, Samson lodges similar objections that he raised to YMP's fees request. For example, Samson contends that the hours requested are not reasonable, that Ruiz's entries that use block billing should be deducted, and that Ruiz's counsel's billing statement contains redundant and excessive billing items. Samson also asks this Court to reduce the hourly rates charged by Ruiz's counsel and, ultimately, to reduce Ruiz's award from $10,393 to $7,037.70.

YMP and Ruiz both reply with similar arguments. First, they both argue that Samson violated Local Rule 7.3(b) by not providing detailed objections to entries after being served with the motions for attorneys' fees. Instead, YMP and Ruiz contend that counsel for Samson sent an email only stating that he would oppose. As a result, YMP and Ruiz contend that Samson has waived any objections to the hours. Both YMP and Ruiz also argue that the hourly rates and time expended on certain tasks are reasonable and recoverable.

## **ENTITLEMENT**

As previously mentioned, the Parties' Severance Agreement and Release contains a provision that allows attorneys' fees to be awarded if any litigation resulted due to a breach of the agreement by Samson. Additionally, YMP and Ruiz both state they are entitled to an award of attorneys' fees pursuant to the Civil Rights Attorneys' Fees Act, 42 U.S.C. § 1988(b).

Under the "American Rule," litigants generally are not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th Cir. 2018) ("[A]bsent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorneys' fees.").

Here, the undersigned finds that Ruiz and YMP are entitled to attorneys' fees pursuant to the agreement signed by the Parties. ECF No. 7-2 at 29. Samson does not lodge any objection in either response as to Defendants' entitlement. As the undersigned finds that YMP and Ruiz are entitled to attorneys' fees pursuant to the agreement, there is no need to analyze entitlement under other grounds.

## **FEE AMOUNT**

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of attorney). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence

presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

YMP seeks $14,311 in attorneys' fees and Ruiz seeks $10,393 in attorneys' fees based upon professional services rendered. ECF No. 33, 34.

1.      Reasonable Hourly Rate

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).  Ultimately, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952 (S.D. Fla. July 15, 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered YMP's and Ruiz's Motions, Replies, each attorney's declaration, and the *Johnson* factors.  YMP requests an hourly rate of $210 for attorney Arianne Suarez (twenty-four years of experience in employment law) and an hourly rate of $100 for its paralegal.  Ruiz requests an hourly rate of $310 for attorney Mendy Halberstam (thirteen years of experience) and an hourly rate of $255 for Tiexin Yang (four years of experience).  Ruiz contends that this was the negotiated reduced fee for both attorneys.  ECF No. 34-1.  Samson responds that the paralegal rate sought by YMP should be reduced to $75, the rate for Halberstam be reduced to $210, and the rate for Yang be reduced to $175.  YMP replies that the hourly rate of $100 is reasonable and cites to cases from this District finding such.  Ruiz replies that the prevailing market rate within employment cases is $400–450 and cites to cases from this District for support.

This Court requires Parties seeking attorneys' fees to file a notice of previously awarded fees from other cases in this District, which Defendants' counsel have done.  ECF Nos. 41, 42, 43.  Attorney Suarez has not been awarded attorneys' fees within the past two years in federal court.  ECF No. 42.  Attorney Halberstam has not been awarded attorneys' fees within the past two years in federal court; however, in November 2022, Halberstam was awarded an hourly rate of $310 in state court.  ECF No. 43.

Having reviewed the *Johnson* factors, both YMP's and Ruiz's declarations, the applicable law, and based upon this Court's own knowledge and experience, the undersigned finds the hourly rates sought to be reasonable. Attorney Suarez is entitled to an hourly rate of $210, YMP's paralegal is entitled to an hourly rate of $100, attorney Halberstam is entitled to an hourly rate of $310, and attorney Yang is entitled to an hourly rate of $255.

2.  <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must next determine the reasonable amount of time expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Defendants seek attorneys' fees for a combined total of 107.5 hours (70.4 for YMP's counsel and 37.5 for Ruiz's counsel). This request is based on 66.1 hours of work from attorney Suarez for YMP; 4.3 hours of work sought by YMP's paralegal; 15.1 hours of work from attorney Halberstam for Ruiz; and 22.4 hours of work from attorney Yang for Ruiz.

The bulk of these hours for YMP were reportedly spent: communicating with the clients and Ruiz's counsel; researching, drafting, and filing the motion to dismiss/motion for summary judgment and the reply; and preparing and drafting the instant motion for attorneys' fees and costs.  The bulk of the hours for Ruiz consisted of: communicating with the client, co-counsel, and counsel for YMP; drafting the joinder of YMP's motion to dismiss and reply; drafting his own motion to dismiss; reviewing YMP's motion to dismiss; reviewing Plaintiffs' response to the motion to dismiss; and drafting the instant motion for fees.

Samson contends that Defendants are not entitled to recover for attorneys' fees for the time spent litigating fees.  Samson contends that "fees for litigating fees" are only allowed when the dispute is related to entitlement and not amount.  The undersigned disagrees under the circumstances of this action.  The Parties' Severance Agreement and Release states that Samson would pay "*all costs* incurred in defending the matter" in the event of a breach by Samson.  ECF No. 7-2 at 29 (emphasis added).  The undersigned finds the contract provision to be broad enough to include recovery for fees incurred for the time spent litigating fees.  However, as discussed below, the undersigned will reduce the time sought for such tasks.

The undersigned has reviewed the billing records line-by-line and finds that the hours expended on the above-mentioned tasks and the overall litigation are not reasonable.  In regard to YMP, the undersigned finds the time spent on the motion to dismiss (23.4 hours), the reply in support of the motion to dismiss and to Samson's statement of facts (14.2 hours), and the motion for attorneys' fees (12.4) to be excessive.  Samson waived his claims pursuant to the Parties' signed agreement; thus, the theory

and supporting argument of the case were apparent from the moment the case was filed. Even if it did take YMP's counsel 23.4 hours to complete the motion to dismiss, it is not a proper exercise of billing judgment to charge one's client, and by extension one's adversary, for that amount of work.  The same is true for the replies and YMP's motion for attorneys' fees.  Accordingly, the undersigned reduces the time spent for each task as follows: the hours expended on the motion to dismiss are reduced from 23.4 hours to 15.6 hours; the hours expended on the replies are reduced from 14.2 to 9.5; and the hours expended on the instant motion for attorneys' fees are reduced from 12.4 to 6.2. Therefore, YMP's total hours are reduced from 70.4 to 51.7 (47.4 for Suarez and 4.3 for YMP's paralegal).

Next, turning to Ruiz's counsel's hours, the undersigned finds a similar issue with counsel's billing judgment as the billing records contain excessive and duplicative entries. Ruiz spent a combined total of 8.1 hours (5.8 Yang and 2.3 Halberstam) on a separately filed motion to dismiss.  This motion not only adopted the prevailing argument from YMP but also set forth additional bases for dismissal that the District Court never reached, as YMP's straightforward motion based upon the signed release was granted.  The undersigned finds this amount to be excessive for two attorneys to bill for similar and arguably unnecessary work.  Thus, 8.1 is reduced to 5 hours (3.5 for attorney Yang and 1.5 for attorney Halberstam).  Counsel for Ruiz spent a combined total of 3.8 hours (2.9 Yang and .9 Halberstam) on the reply to the motion to dismiss.  Once again, the undersigned finds that this is excessive due to the facts of this case.  As a result, 3.8 is reduced to 2 (1.5 for Yang and .5 for Halberstam).  Finally, Counsel for Ruiz spent a combined total of 6.8 hours on the instant motion for fees (3.6 Yang and 3.2 Halberstam).

9

The undersigned finds that this is once again excessive, and therefore finds that Ruiz is entitled to 3 hours (2 for Yang and 1 for Halberstam) of work on the motion for attorneys' fees.  After deducting the above-mentioned hours from 37.5, the total amount of hours counsel for Ruiz is entitled to is 28.9 (11.7 for Halberstam and 17.2 for Yang).

The undersigned notes that awarding this number of hours is extremely generous. Defendants ask the Court to accept their representation that in a matter of three months (February to May), the Parties conducted over 100 hours of work when the entire case was ultimately resolved (at docket entry twenty-two) based upon a written release and waiver.  Even if the amount of time expended is accurate, it would still be unreasonable to bill one's client, and therefore one's adversary, for this amount of time considering the facts of the case.

3.      Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and  3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Defendants' attorneys' reasonable number of hours expended by the respective hourly rates yields a recommended combined lodestar amount of $10,384 ($9,954 for Suarez and $430 for YMP's paralegal) for YMP and a combined lodestar amount of $8,013 ($3,627 for Halberstam and $4,386 for Yang) for Ruiz.

## YMP'S MOTION TO TAX COSTS

YMP moves this Court for an award of costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. ECF No. 28. Samson did not respond within the appropriate time frame. The undersigned then ordered Samson to respond and warned him that failure to respond may result in the Motion to Tax Costs being granted as unopposed. ECF No. 31. To date, no response has been filed by Samson. Therefore, the Motion to Tax Costs is unopposed.

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).

As previously discussed, YMP is the prevailing party and this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and

11

disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

YMP seeks to recover $402 for the filing fee it incurred for the removal of this action. Filing fees and clerk fees are routine expenses incurred in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920(1); *Louis-Charles v. Public Health T. of Miami-Dade Cnty.*, No. 15-22372-CIV-KING/TORRES, 2015 WL 7351577 (S.D. Fla. Nov. 10, 2015) (granting award of removal fee to defendant). Therefore, the undersigned finds that YMP is entitled to recover taxable costs associated with fees of the clerk in the amount of $402.

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that YMP's Motion for Attorneys' Fees and Ruiz's Motion for Attorneys' Fees, ECF Nos. 33, 34, both be **GRANTED in part**. The undersigned further recommends that YMP's Motion to Tax Costs be **GRANTED**. In total, the undersigned **RECOMMENDS** that YMP's counsel be entitled to an award of $10,384 in attorneys' fees and $402 in costs. The undersigned further **RECOMMENDS** that Ruiz's counsel be entitled to an award of $8,013.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 26th day of January 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable William P. Dimitrouleas

All Counsel of Record